**STATE OF OHIO**
**IN THE COURT OF COMMON PLEAS OF CUYAHOGA COUNTY**
**CIVIL DIVISION**

| | |
|---|---|
| **JAMES E. SHELTON**<br>11304 Hessler Road<br>Cleveland, OH 44106<br><br>   Plaintiff,<br><br>  v.<br><br>**QUAKE ENERGY LLC**<br>P.O. Box 6036<br>Austin, TX 78762<br>   Defendant. | Case No.<br><br>Hon. |

**REO LAW, LLC**
By: Bryan Anthony Reo (#0097470)
P.O. Box 5100
Mentor, OH 44061
(Business): (216) 505-0811
(Mobile): (440) 313-5893
(E): Reo@ReoLaw.org
  *Attorney for James E. Shelton*

**PLAINTIFF'S COMPLAINT**
**(JURY DEMAND ENDORSED HEREON)**

NOW COMES James E. Shelton, Plaintiff, by and through the undersigned attorney, and hereby propound upon Quake Energy LLC (Defendant) ("Quake") and this Honorable Court Plaintiff's Complaint.

**I. INTRODUCTION**

1.  Plaintiff sues Defendant for statutory violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA"), the Consumer Sales Practices Act, R.C. § 1345.01 et seq. ("CSPA"), and the Telephone Solicitation Sales Act, R.C § 4719.01 et seq ("TSSA").

**II. PARTIES**

**EXHIBIT 1**

2.      Plaintiff is an adult natural person who is currently domiciled in Cuyahoga County, State of Ohio.

3.      Defendant is a corporate entity existing by and through the laws of the State of Texas, which does business in the State of Ohio.  Defendant does business as Quake Energy, which is headquartered in Texas with extensive operations in Ohio. Additionally, defendant is a "telephone solicitor" as defined by R.C § 4719.01(A)(8) and regularly engages in "telephone solicitations" as defined by R.C § 4719.01(A)(7). Additionally, Defendant is a "supplier" has defined by R.C § 1345.01(C) and advertises the availability of fixed rate residential energy services which it offers for sale to consumers in Ohio.

### III.  JURISDICTION AND VENUE

4.      This Court has subject matter jurisdiction over the instant civil action because the amount in controversy exceeds five hundred dollars ($500.00) and involves a claim for violations of 15 U.S.C. § 1692 and R.C. § 2305.01.

5.      This Court has personal jurisdiction over Defendant because Defendant conducts business in the state of Ohio, and Defendant directed telecommunication solicitations to Plaintiff as a resident of Ohio with the purpose of injuring Plaintiff when Defendant might reasonably have expected that Plaintiff would be injured in the State of Ohio.  R.C. §§ 2307.382(A)(1) and (6); Civ.R. 4.3(A)(1) and (9).

6.      Venue is proper with this Court because Plaintiff resides in Cuyahoga County, State of Ohio, and the Court's personal jurisdiction over Defendant exists via Civ.R. 4.3.  Civ.R. 3(B)(7).

### IV.  STATEMENT OF FACTS

7.      Defendant repeatedly contacted Plaintiff at least three (3) times via telephone on August 16, 2018.

8.      Defendant contacted Plaintiff on his cellular phone number 484-626-3942.

2

9. When calling, the Defendant sold Plaintiff energy services for Plaintiff's residential address in Cuyahoga County, Ohio.

10. On August 16, 2018 at 4:15 PM, Plaintiff received a telemarketing call which displayed on his caller identification as +1 (1) 83743653420 (obviously not a real/working number).

11. Upon answering, Plaintiff heard a prerecorded message pitching the availability of a lower rate on utilities.

12. Plaintiff pressed "0" and heard a "bloop" sound, before he was connected with a live agent on behalf of Quake.

13. The agent conducted a telephone solicitation wherein Defendant offered its services for sale to Plaintiff.

14. Plaintiff listened to the entire sales pitch as part of the necessary investigation to determine who was calling him and who would be a proper party defendant if the calls could not be resolved absent litigation.

15. The Defendant's agent said that the "verification department" would call the Plaintiff back within 5 to 10 minutes.

16. Plaintiff asked for a call back number, but the Defendant's agent did not provide him one.

17. Plaintiff did not give Defendant consent to call him back.

18. Despite this, on August 16, 2018 at 4:28 PM, Plaintiff received another telemarketing call from Defendant which displayed on his caller identification as +100000.

19. This call was made using "spoofed" caller identification, in an attempt to cloak or otherwise conceal the identity of the caller.

3

**20.** Defendant used an Automated Telephone Dialing System ("ATDS") when contacting Plaintiff on his cellular phone. This was evidenced by the fact that Plaintiff heard a perceptible delay while the ATDS was connecting the agent of the Defendant to the call.

**21.** The agent continued to pitch Plaintiff on Quake's services, and attempted to sign the Plaintiff up for fixed-rate energy services.

**22.** The call ended, and Plaintiff did not give the Defendant consent to call back.

**23.** On August 16, 2018 at 4:35 PM, Plaintiff received a third telemarketing call which displayed on his caller identification as "scam likely" with the caller ID 717-628-0101.

**24.** Defendant used an Automated Telephone Dialing System ("ATDS") when contacting Plaintiff on his cellular phone. This was evidenced by the fact that there was a perceptible delay while the ATDS was connecting the agent of the Defendant to the call.

**25.** Defendant again pitched Plaintiff on Quake's energy services.

**26.** Defendant transferred the call to an "third-party verifier" on behalf of Quake Energy.

**27.** Defendant's agent asked Plaintiff to obtain a recent copy of his Dominion gas bill and provide the account number, which resulted in Defendant switching Plaintiff's energy supplier to Quake Energy.

**28.** Plaintiff was not interested in being a Quake customer and subsequently cancelled his services.

**29.** Plaintiff's cellular phone number has been listed on the National Do Not Call ("DNC") Registry at all relevant times (on June 26, 2015), which was more than thirty (30) days prior to the calls.

**30.** Prior to the calls, Plaintiff has never done business with Defendant nor has Plaintiff ever requested contact by Defendant.

31. Defendant lacks prior express consent of any sort, written or otherwise, to contact Plaintiff with ATDS for any purpose, and lacks such consent to deliver recorded messages by any means.

32. Defendant called Plaintiff's cellular telephone for the purpose of encouraging the purchase of goods or services, which is transmitted to any person, thereby engaging in "telephone solicitation" as that term is defined by 47 U.S.C. § 227(a)(4).

33. Defendant regularly, on behalf of itself or others, engages in telephone solicitation as a matter of business practice.

34. All telephone calls made by Defendant to Plaintiff were intrusive, disruptive, and annoying.

35. Plaintiff does not have any relationship with Defendant and Plaintiff never provided Defendant with express consent for Defendant to call Plaintiff's cellular telephone.

36. All telephone calls made by Defendant to Plaintiff as described in this Complaint constitute commercial advertising.

37. Plaintiff further notes that, based upon information and belief, Defendant has not obtained a solicitor surety bond with the State Attorney General's office and could be subject to forfeiture proceedings by the State Attorney General.

38. As a result of Defendant's conduct as described in this Complaint, Plaintiff has suffered damages.

39. Upon information and belief, Defendant lacks policies and procedures to comply with the TCPA and has no policies in place to comply with the National Do Not Call Registry.

40. Upon information and belief, Defendant lacks a certificate of registration with the Ohio Attorney General's office to engage in tele-solicitation within Ohio.

5

41. Defendant violated the CSPA by committing an act or practice declared to be deceptive by rules promulgated by the attorney general.

42. As a result of Defendant's conduct as described in this Complaint, Plaintiff has suffered damages.

## V. CAUSES OF ACTION

### COUNT I
### STATUTORY VIOLATIONS OF THE TCPA

43. Plaintiff incorporates by reference the foregoing paragraphs of this Complaint as if each is set forth herein.

44. The TCPA is a federal statute that was enacted to prohibit unreasonable invasions of privacy via certain telephone practices.

45. Defendant placed calls to Plaintiff's cellular telephone using an automated telephone dialing system not for "emergency purposes" as defined by 47 U.S.C. § 227(b)(1)(A)(i), which had the natural consequence of utilizing Plaintiff's cellular telephone resources and robbing Plaintiff of Plaintiff's time and privacy.

46. It is a violation of the TCPA and is actionable for one to initiate a telephone call to a person's cellular telephone line when the recipient of the telephone call has informed the caller that they wish to not receive calls for a commercial purpose.  47 U.S.C. § 227(b)(1)(A)(iii) and (3); 47 CFR 64.1200(d)(6).

47. Defendant violated 47 C.F.R. § 64.1200(d)(6) by failing to maintain a do-not call list; to wit:  Defendant called Plaintiff despite Plaintiff's cellular telephone number being on the National Do Not Call Registry and despite Plaintiff's explicit "do not call" requests to Defendant's agents.

48. Defendant violated 47 C.F.R. § 64.1200(d)(3) by failing to record a do-not call list; to wit: Defendant called Plaintiff despite Plaintiff's cellular telephone number being on the National Do Not Call Registry and despite Plaintiff's explicit "do not call" requests to Defendant's agents. Defendant failed to record the previous Do Not Call requests and does not appear to have any policy in place to comply with DNC requests.

49. Defendant violated 47 C.F.R. § 64.1200(d)(2) by failing to train its personnel in lawful telemarketing in compliance with do-not-call policies and requests; to wit: Defendant called Plaintiff despite Plaintiff's cellular telephone number being on the National Do Not Call Registry and despite Plaintiff's explicit "do not call" requests to Defendant's agents. Upon information and belief, Defendant failed to properly train its personnel to record DNC requests and to maintain a DNC list.

50. Defendant violated the TCPA when Defendant called Plaintiff's cellular telephone and violated provisions of the TCPA during said telephone calls.

51. Defendant negligently violated the TCPA in relation to Plaintiff.

52. As a result of Defendant's negligent violations of the TCPA, Plaintiff may recover statutory damages of five hundred dollars ($500.00) for each and every violation of the provisions of the TCPA. 47 U.S.C. § 227(b)(3) and (c)(5).

53. In the alternative to the scienter of negligence, Defendant has willfully violated the provisions of the TCPA and Plaintiff may recover statutory damages of up to one thousand five hundred dollars ($1,500.00) per violation of said statute. 47 U.S.C. § 227(b)(3) (see Charvat v. Ryan, 879 N.E.2d 765, 770 (Ohio 2007) (holding that willfulness is established if the defendant knew of the facts that constituted the offense and not that the defendant knew that his conduct violated the law).

7

54. Defendant's violations consisted of at least three (3) phone calls with each call violating (b) and (c) of the TCPA and each call violating 47 C.F.R. § 64.1200(d)(1) and 47 C.F.R. § 64.1200(d)(3).

55. Defendant committed at least twelve (12) violations of Count I of Plaintiff's Complaint.

## COUNT II
## STATUTORY VIOLATIONS OF THE CSPA

56. Plaintiff incorporates by reference the foregoing paragraphs of this Complaint as if each is set forth herein.

57. Defendant is a "person" as defined by R.C. § 1345.01(B).

58. Defendant is a "supplier" as defined by R.C. § 1345.01(C).

59. Plaintiff is a "consumer" as defined by R.C. § 1345.01(D).

60. A "consumer transaction" as defined by R.C. § 1345.01(A) occurred when Defendant attempted to collect on an alleged debt that arose out of an alleged consumer transaction. R.C. § 1345.02(A) states, "No supplier shall commit an unfair or deceptive act or practice in connection with a consumer transaction. Such an unfair or deceptive act or practice by a supplier violates this section whether it occurs before, during, or after the transaction."

61. Defendant committed unfair and deceptive acts in connection with a consumer transaction when Defendant violated R.C. § 1345.02 by knowingly failing to comply with the TCPA. A violation of the TCPA, as well as the regulations promulgated thereunder, is a per se violation of the CSPA.

62. Plaintiff is statutorily entitled to three (3) times the amount of Plaintiff's actual economic damages or two hundred dollars ($200.00)—whichever is greater—, plus an amount not exceeding five thousand dollars ($5,000.00) in noneconomic damages for each violation of the CSPA. R.C. § 1345.09(B).

8

63. Since Defendant knowingly committed an act or practice that violates the CSPA, Plaintiff may be awarded reasonable attorney's fees to litigate the instant civil action. R.C. § 1345.09(F).

64. Defendant committed at least fifteen (15) violations of Count II of Plaintiff's Complaint. Defendant violated the CSPA twelve (12) times by violating the TCPA and rules and regulations promulgated thereunder which are per se CSPA violations and 3 TSSA violations for failing to have a certificate of registration in Ohio prior to engaging in telesolicitations.

## COUNT III
## STATUTORY VIOLATIONS OF THE TSSA

65. Plaintiff incorporates by reference the foregoing paragraphs of this Complaint as if each is set forth herein.

66. The TSSA is a state statute that was enacted to regulate telephone solicitations and to protect Ohio residents against illicit, deceptive, or otherwise exploitative telemarketing.

67. Defendant is a "Telephone Solicitor(s)" as defined by R.C. § 4719.01(A)(8).

68. Plaintiff is a "Purchaser" as defined by R.C. § 4719.01(A)(5).

69. Defendant engaged in "Telephone Solicitation" with Plaintiff as defined by R.C. § 4719.01(A)(7).

70. Upon information and belief the Defendant have failed to obtain and/or maintain a valid certificate of registration in accordance with R.C. § 4719.08(A) and R.C. § 4719.08(B).

71. Defendant committed at least three (3) violations of the TSSA. Defendants failed to register and maintain a valid certificate.

## VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that this Court will:

72. Enter judgment against Defendant in Plaintiff's favor in an amount of money not to exceed thirty thousand dollars ($30,000.00) for general damages, statutory damages, treble damages, and the award of mandatory court costs (as provided by R.C. 4719.15(b), not inclusive of reasonable attorney's fees to be determined. Plaintiff will seek an award of reasonable attorney's fees pursuant to R.C. § 1345.09(F).

73. Award any and all other relief to which Plaintiff is entitled as a matter of law or equity.

RESPECTFULLY SUBMITTED,

/s/ BRYAN ANTHONY REO
Bryan Anthony Reo (#0097470)
Reo Law LLC
P.O. Box 5100
Mentor, OH 44061
(Business): (216) 505-0811
(Mobile): (440) 313-5893
(E): Reo@ReoLaw.org
*Attorney for James Shelton*

**JURY DEMAND ENDORSED HEREON**

Plaintiff respectfully demands a trial by jury on all of the issues set forth herein that are triable by right. Civ.R. 38.